UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

---

COREY TINANT,

        Plaintiff,

vs.

RAPID CHEVROLET CO., INC.,

        Defendant.

Civ. No. 13-5042

**Verified Complaint**

---

For his Complaint, Plaintiff Corey Tinant alleges:

## Jurisdiction, Venue and Parties

1. This Court has jurisdiction pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e).

3. Plaintiff filed discrimination charges with the Equal Employment Opportunity Commission ("EEOC") on or about April 23, 2010.

4. The EEOC issued a Determination of Reasonable Cause on or about June 25, 2012.

5. The EEOC issued a Notice of Right to Sue on or about March 8, 2013, which is attached hereto as *Exhibit A* and incorporated herein by this reference.

6. Plaintiff, a male, is a resident of Rapid City, South Dakota.

7. Defendant is a South Dakota Corporation, with its principal place of business in Rapid City, South Dakota.

## General Allegations

8. Plaintiff incorporates and realleges Paragraphs 1-7 as if set forth fully herein.

9. In or about June of 2008, Plaintiff began working for Defendant as a car salesman.

10. Throughout his employment until approximately July of 2009, Plaintiff was repeatedly subjected to a continuing course of unwelcome, sex-based, offensive conduct on the part of his supervisors and co-workers. The conduct included repeated remarks of an inappropriate sexual nature, offensive and sexual touching, and physical assault.

11. On some occasions, Plaintiff's supervisor personally witnessed the complained-of conduct and either joined in, laughed, or otherwise ratified the conduct.

12. Defendant knew that some of the offending co-workers had previously engaged in violent or sexually intimidating behavior in the workplace.

13. Plaintiff complained of the continued offensive conduct to at least one of Defendant's agents with supervisory authority.

14. Defendant did not adequately investigate Plaintiff's complaints or take reasonable action to stop it. Instead, his supervisor terminated him for alleged insubordination on June 30, 2009.

15. Defendant reinstated Plaintiff after his termination on June 30, 2009 but did not give Plaintiff any assurances that the continued harassment and hostility would be addressed in future.

16. On July 3, 2009, as a result of the continued harassment and Defendant's failure to remediate Plaintiff's working conditions, Plaintiff resigned his position.

## Count 1: Unlawful Discrimination in Violation of Title VII of the Civil Rights Act, as Amended – Hostile Work Environment, Retaliation, and Constructive Discharge

17. Plaintiff incorporates and realleges Paragraphs 8-16 as if set forth fully herein.

18. Plaintiff timely filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission and has exhausted all of his administrative remedies.

19. The unwelcome, inappropriate, and offensive conduct taken against Plaintiff by his supervisors and co-workers, was severe and pervasive, and was based on discrimination against him because of his sex, in violation of 42 U.S.C. §2000e *et seq.*

20. Defendant had knowledge of Plaintiff's working conditions but failed to take adequate remedial action and failed to exercise reasonable care to prevent and promptly correct the sexually harassing behavior.

21. The reason given for Plaintiff's June 30, 2009 termination was pretextual in nature.

22. The act of terminating Plaintiff's employment was based on discrimination against him because of his sex and was taken in retaliation for his complaining of unlawful discrimination, in violation of 42 U.S.C. §2000e-3.

23. Although Plaintiff was reinstated, Defendant continued to ignore – and, in fact, it ratified – the working conditions to which Plaintiff was subjected by his co-workers and supervisors.

24. Plaintiff's resignation was a reasonably foreseeable and natural and probable consequence of the Defendant's actions and inactions.

25. A reasonable person would find Plaintiff's working conditions to be intolerable.

26. Plaintiff gave Defendant a reasonable chance to work out the problem.

27. As a result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered past loss of income, salary and employment and benefits, and medical expenses.

28. As a result of Defendant's discriminatory and retaliatory actions, Plaintiff suffered humiliation, embarrassment, shame, mental anguish, emotional distress, and pain and suffering.

## Count 2: Negligent Hiring, Supervision and Retention

29. Plaintiff incorporates and realleges Paragraphs 17-28 as if set forth fully herein.

30. Defendant hired at least one employee known to have committed violent assaults in the workplace, including at previous car dealerships in Rapid City.

31. At least one of Plaintiff's co-workers was reprimanded by Defendant for sexually exposing himself in Defendant's workplace.

32. Defendant breached its duty to furnish Plaintiff with a reasonably safe place to work by hiring and retaining employees with known violent and sexually intimidating tendencies.

33. Defendant breached its duty to furnish Plaintiff with a reasonably safe place to work by inadequately and defectively managing, directing, and/or overseeing its employees.

34. As a result of Defendant's negligent hiring, supervision and retention, Plaintiff has suffered past loss of income, salary and employment and benefits, medical expenses, humiliation,

embarrassment, shame, mental anguish, emotional distress, and pain and suffering.

## Count 3: Punitive Damages

35. Plaintiff incorporates and realleges Paragraphs 29-34 as if set forth fully herein.

36. Defendant's conduct was intentional, wanton, willful, oppressive, and malicious.

37. Defendant acted with evil motive or intent or with a reckless or callous indifference to Plaintiff's rights.

38. As a result of Defendant's conduct, Plaintiff is entitled to exemplary damages, to be determined at trial.

WHEREFORE, Plaintiff prays for the following relief:

A. An award of compensatory damages for loss of income, benefits, out-of-pocket expenses, medical expenses, mental anguish, humiliation, embarrassment, emotional distress, pain and suffering, exemplary damages, and such other loss as determined by the jury;

B. Attorney fees as provided by law;

C. Costs and disbursements;

D. Pre- and post-judgment interest on all sums awarded; and

E. Any other relief the Court deems equitable and just.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

Dated this 5 day of June, 2013.

_____
Corey J. Tinant

STATE OF SOUTH DAKOTA   )
                        ) ss:
COUNTY OF PENNINGTON    )

Corey J. Tinant, being first duly sworn, says that he is the person above named; that he has read the above and foregoing instrument; understands the contents thereof; and that the same is true of his own knowledge, information and belief.

_____
Corey J. Tinant

Subscribed and sworn to before me this 5 day of June, 2013.

_____
Notary Public
My commission expires: My Commission Expires July 31, 2014

(SEAL)

DONNA ELLINGSON
NOTARY PUBLIC
State of South Dakota

Page 6

Respectfully submitted this 5th day of June, 2013.

                                                 BANGS, MCCULLEN, BUTLER, FOYE & SIMMONS, L.L.P.

By: /s/ Gregory J. Erlandson
Gregory J. Erlandson
Sarah Baron Houy
333 West Boulevard, Ste. 400
P.O. Box 2670
Rapid City, SD 57709
Telephone: (605) 343-1040
gerlandson@bangsmccullen.com
sbaronhouy@bangsmccullen.com
*ATTORNEYS FOR PLAINTIFF*